FILED

UNITED STATES DISTRICT COURT   2016 AUG 24  PM 2: 12
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

YECENIA VELEZ,

      Plaintiff,

v.

                           CASE No.:      6:16-cv-1508-ORL-40KRS

FIRST CHOICE PEDIATRICS, INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YECENIA VELEZ, by and through undersigned counsel, brings this action against Defendant, FIRST CHOICE PEDIATRICS, INC., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages and for race and national origin discrimination under 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4.      Plaintiff is a resident of Orange County, Florida.

5.      Defendant operates a pediatrician practice in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10.      At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.      Defendant continues to be an "employer" within the meaning of the FLSA.

12.      At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13.      At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14.      At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15.    At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

16.    Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; she had no special or professional qualifications and skills for the explicit use of which she was employed by Defendant; and she had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

17.    Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

18.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

19.    Plaintiff is a member of a protected class of persons under Section 1981, Title VII, and the FCRA.

20.    Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

21.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA

22.    Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

3

23.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

## FACTS

24.     Plaintiff began working for Defendant as a billing employee in August, 2013 and she worked in this capacity until November 2014.

25.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times regular hourly rate.

26.     Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

27.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

28.     Plaintiff is a Puerto Rican.

29.     Plaintiff performed the duties of her position with Defendant in a satisfactory manner.

30.     During a Thanksgiving luncheon on November 21, 2014, one of the doctors, Dr. Portugal, made disparaging comments to the Puerto Rican staff, including Ms. Velez.

31.     Specifically, Dr. Portugal publically belittled the Puerto Rican staff and questioned their status as Americans because they could not answer her Thanksgiving trivia questions.

4

32.     On or about, the same day, Plaintiff complained to Defendant about the discriminatory comments made by Dr. Portugal earlier.

33.     Specifically, she reported to the Human Resources department and reported that Dr. Portugal's comments were offensive and humiliating to her as a Puerto Rican.

34.     After Plaintiff complained to Defendant about the discrimination that she was suffering at work, Defendant took no remedial action.

35.     Specifically, the head of Human Resources said that he could do nothing to help Plaintiff because Dr. Portugal was his sister in law.

36.     After Plaintiff complained about Defendant's discrimination and disparate treatment, Defendant retaliated against Plaintiff by terminating her employment about three days later.

37.     Defendant's actions were willful, and showed reckless disregard for the provisions of Section 1981, Title VII and the FCRA.

## COUNT I – FLSA OVERTIME VIOLATION

38.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

41.     As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c)     An equal amount to Plaintiff's overtime damages as liquidated damages;

d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)     A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)     All costs and attorney's fees incurred in prosecuting these claims; and

g)     For such further relief as this Court deems just and equitable.

## COUNT II –42 U.S.C. § 1981 VIOLATION
## (RACE AND NATIONAL ORIGIN DISCRIMINATION)

42.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

43.     Plaintiff is a member of a protected class of persons under Section 1981.

44.     Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race and national origin.

45.    The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

46.    Defendant's actions were willful and done with malice.

47.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

48.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)    Compensatory damages, including emotional distress, allowable at law;

(e)    Punitive damages;

(f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT III — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

49.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

50.    Plaintiff is a member of a protected class of persons under Section 1981.

51.    By complaining to Human Resources about workplace racial discrimination, Plaintiff engaged in protected activity under Section 1981.

52.    Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

53.    Defendant's actions were willful and done with malice.

54.    Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

55.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

56.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

8

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

    (d)    Compensatory damages, including emotional distress, allowable at law;

    (e)    Punitive damages;

    (f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII VIOLATION
### (RACE AND NATIONAL ORIGIN DISCRIMINATION)

57.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

58.    Plaintiff is a member of a protected class under Title VII.

59.     Plaintiff was subjected to disparate treatment on the basis of race and national origin.

60.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

61.     Defendant's actions were willful and done with malice.

62.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of Title VII by Defendant;

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Any other compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained.

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## COUNT V – TITLE VII RETALIATION

63.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

64.     Plaintiff is a member of a protected class under Title VII.

65.     Plaintiff exercised or attempted to exercise  her rights under Title VII, thereby engaging in protected activity under Title VII.

66.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

67.     Defendant's actions were willful and done with malice.

68.     In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

69.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising rights under Title VII;

d)   That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)   Compensation for lost wages, benefits, and other remuneration;

f)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)   Front pay;

h)   Any other compensatory damages, including emotional distress, allowable at law;

i)   Punitive damages;

j)   Prejudgment interest on all monetary recovery obtained.

k)   All costs and attorney's fees incurred in prosecuting these claims; and

l)   For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
### (DISCRIMINATION)

70.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

71.   Plaintiff is a member of a protected class under the FCRA.

12

72. Plaintiff was subjected to disparate treatment on account of race and national origian, including.

73. Defendant's actions were willful and done with malice.

74. Plaintiff was injured due to Defendant's violations of the FCRA, for which is entitled to relief.

**WHEREFORE**, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and this Court take jurisdiction over the case;

m) Compensation for lost wages, benefits, and other remuneration;

n) Reinstatement of Plaintiff to a position comparable to prior position, or in the alternative, front pay;

o) Any other compensatory damages, including emotional distress, allowable at law;

p) Punitive damages;

q) Prejudgment interest on all monetary recovery obtained.

r) All costs and attorney's fees incurred in prosecuting these claims; and

s) For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA RETALIATION

75. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

76. Plaintiff is a member of a protected class under the FCRA.

77.     Plaintiff engaged in protected activity under the FCRA byreporting the discrimination to the human resources department.

78.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

79.     Defendant's actions were willful and done with malice.

80.     By terminating her employment, Defendant took material adverse action against Plaintiff.

81.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

m)   A jury trial on all issues so triable;

n)   That process issue and that this Court take jurisdiction over the case;

o)   That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

p)   Compensation for lost wages, benefits, and other remuneration;

q)   Reinstatement of Plaintiff to a position comparable to prior position, with back pay plus interest, pension rights, and all benefits;

r)   Front pay;

s)   Any other compensatory damages, including emotional distress, allowable at law;

t)      Punitive damages;

u)      Prejudgment interest on all monetary recovery obtained.

v)      All costs and attorney's fees incurred in prosecuting these claims; and

w)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ___18th___ day of August, 2016.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave.
Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
**Attorney for Plaintiff**